IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 7:16-cr-00068 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| MICHAEL WAYNE OWENS | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On August 18, 2020, defendant Michael Wayne Owens, represented by counsel, filed a motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). (Def.'s Mot. to Reduce Sentence, Dkt. No. 121.)  The matter is fully briefed and ready for decision.  For the reasons stated below, Owens' motion will be denied.

I.  BACKGROUND

On July 27, 2017, Owens pleaded guilty to one count of a seven-count indictment for conspiracy to distribute 50 grams or more of a substance containing methamphetamine.  (Guilty Plea, Dkt. No. 48; Plea Agreement, Dkt. No. 49.)  Owens bought and sold methamphetamine in the Blacksburg area.  (Presentence Investigation Report (PSR) ¶ 5–7, Dkt. No. 129.)  "Owens estimated that he sold two ounces of methamphetamine every two weeks for four to six months." (*Id.* at 8.)  Owens had a sentencing guideline range of 135 to 168 months, but, because of substantial assistance, the court sentenced Owens to sixty-six months of imprisonment, followed by a four-year term of supervised release.  (Judgment at 2–3, Dkt. No. 114.)

Owens is 44 years old and was sentenced on November 13, 2018.  His projected release date is October 28, 2022, and he is being held at Federal Correctional Institution (FCI) Beckley

in Beaver, West Virginia.[1]

Owens requests compassionate release because of COVID-19, his obesity, and his rehabilitative efforts. He states that he is morbidly obese, weighing 311 pounds with a body mass index (BMI) of 47.3. (Def.'s Mot. to Reduce Sentence 3.) He argues that "people with obesity are more susceptible to contracting viruses and prone to complications from these viruses." (*Id.* at 4.) Owens notes that the Centers for Disease Control and Prevention (CDC) lowered the bar for when obesity becomes a Covid-19 risk factor from a BMI of 40 to 30. (*Id.* at 5.) He further argues that even though there was not an outbreak of Covid-19 at FCI Beckley at the time he submitted his motion, the virus may spread to the prison; therefore, his obesity constitutes an extraordinary and compelling reason for compassionate release. (*Id.* at 5–7.) The government does not dispute that Owens' obesity is a risk factor for Covid-19. (Gov.'s Resp. 5–6, Dkt. 127.)

Owens notes that he has had no disciplinary infractions while in custody, he has completed several educational programs, and he works as the head of commissary making food deliveries for the prison. (Def.'s Mot. to Reduce Sentence at 7–8.) He also argues that the § 3553(a) factors weigh in favor of granting him compassionate release. (*Id.* at 7.) The government disagrees because Owens was responsible for the distribution of a large quantity of methamphetamine and has demonstrated a disrespect for the law. (Gov.'s Resp. 7.) "Eighteen months after being caught by law enforcement and meeting with the DEA, Owens was found to be involved in a second conspiracy." (*Id.*) "[W]hile on federal pre-trial release for charges relating to both conspiracies, he incurred additional state charges." (*Id.*) Owens also has a long history of revocation of supervised release. (*Id.*)

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited Oct. 26, 2021).

If released, Owens plans to live with his aunt in New Castle, Virginia, so that he can be close to his three children and ailing mother. (Def.'s Mot. to Reduce Sentence 8–9.)

## II. ANALYSIS

**A. Compassionate Release**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the court must consider the applicable factors set forth in section 3553(a) and the reduction must be "consistent with [the] applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). However, "the Commission has yet to issue a policy statement that applies to motions filed by defendants [rather than motions filed by BOP] under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). Therefore, a court may "consider *any* extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284. While the Sentencing Commission Policy Statement in section 1B1.13 is not dispositive, it "remains helpful guidance,"

3

*id*. at 282 n.7.

Because section 1B1.13 provides guidance and the Fourth Circuit has noted that it provides examples and, at least in the medical context, defines "the same substantive term that applies to BOP-filed motions," *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021), the court notes the guidance from that section. Section 1B1.13, regarding medical conditions, notes terminal illness and conditions from which a defendant is not expected to recover that substantially diminish defendant's ability to care for himself in a correctional facility (including serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process). Of course, this guidance is not controlling.

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123 (E.D. Va. Aug. 18, 2020) (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005) (defendant bears burden as party seeking relief absent statutory guidance to the contrary)). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t).

**B. Exhaustion**

While the First Step Act modified § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. When a prisoner submits a request for compassionate release to the warden and the warden receives the request and does not respond within 30 days, the prisoner has exhausted his or her administrative remedies. *United States v. Nance*, No. 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan.

10, 2020); *see also* 18 U.S.C. § 3582(c)(1)(A) ("the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility" satisfies the exhaustion requirement).

Here, Owens requested relief directly from the warden at FCI Beckley and more than 30 days have elapsed without a response. (Def.'s Mot. to Reduce Sentence 2; Gov.'s Resp. 3.) Therefore, Owens has exhausted his administrative remedies.

## C. Extraordinary and Compelling Reasons

The fact that COVID-19 exists and that there is a possibility that someone may contract it in a prison is insufficient, in and of itself, to grant a motion for compassionate release. See *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, in the context of COVID-19,

> the threshold questions are whether [the inmate] has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

*United States v. Youngblood*, 858 F. App'x 96, 98 (4th Cir. 2021).

Owens argues he has a particularized susceptibility to COVID-19 because he is obese. He cites numerous cases in which courts have considered a defendant's obesity as a risk factor for COVID-19, but none of the cases cited grant compassionate release to a defendant who is obese without other risk factors. (Def.'s Mot. to Reduce Sentence 5 n.11.) On the contrary, in every case Owens cites the defendant had some comorbidity, typically hypertension, diabetes, advanced age, or a pulmonary condition.[2] Owens' medical records indicate that he does not

---

[2] *United States v. White*, No. 2:13-cr-20653-MFL-MAR-1, 2020 WL 2557077, at *3 (E.D. Mich. May 20, 2020) (defendant has hypertension and is obese); *United States v. Sarkisyan*, No. 3:15-cr-00234-CRB-15, 2020 WL 2542032, at *2 (N.D. Cal. May 19, 2020) (defendant has hypertensive heart disease, chronic kidney disease, and is obese); *United States v. Anderson*, No. 3:15-cr-30015-SEM-TSH-1, 2020 WL 2521513, at *5 (C.D. Ill. May 18, 2020) (defendant has hypertension); *United States v. Johnson*, No. 15-CR-125 (KBJ), 2020 WL 2515856, at *10

have any risk factors for COVID-19 other than obesity. Nonetheless, the court recognizes and accepts current scientific findings that Owens' obesity means he is at increased risk of severe illness, including death, from COVID-19.

However, "the fact that [a defendant] suffers from obesity during the age of the COVID-19 pandemic does not necessarily mean, on its own, that extraordinary and compelling reasons justify the reduction of his sentence." *United States of America v. Matthew Williams*, No. CR 15-471-3, 2020 WL 4756743, at *5 (E.D. Pa. Aug. 17, 2020) (citing *United States v. D'Ambrosio*, No. 15-3, 2020 WL 4260761, at *4–5 (M.D. Pa. July 24, 2020)). The court must

---

(D.D.C. May 16, 2020) (defendant has pulmonary hypertension and is obese); *United States v. Pomante*, No. 19-20316, 2020 WL 2513095, at *4 (E.D. Mich. May 15, 2020) (69-year-old defendant has chronic kidney disease, hypertension, and diabetes); *United States v. Brooks*, No. 07-CR-20047-JES-DGB, 2020 WL 2509107, at *6 (C.D. Ill. May 15, 2020) (defendant is morbidly obese, with severe, chronic asthma, high blood pressure, and had recent surgery); *United States v. Young*, No. CR 4:16-40036-TSH, 2020 WL 2514673, at *1 (D. Mass. May 15, 2020) (defendant has asthma and is obese); *United States v. Handy*, No. 3:10-cr-00128-RNC-8, 2020 WL 2487371, at *1 (D. Conn. May 14, 2020) (defendant suffers from congestive heart failure, hypertension, obesity, and chronic knee issues for which he receives immunosuppressant steroid injections); *United States v. Cassidy*, No.1:17-cr-00116S, 2020 WL 2465078, at * 5 (W.D.N.Y. May 13, 2020) (defendant is morbidly obese with asthma, hypertension, traumatic facial syndrome, ischemic heart disease, diverticulitis, kidney stones, Syndrome X angina, Cushing syndrome, and an endocrine system disorder); *United States v. Barber*, No. 6:18-cr-00446-AA, 2020 WL 2404679, at *4 (D. Or. May 12, 2020) (defendant is obese with hypertension and diabetes); *United States v. Hunt*, 495 F. Supp. 932, 940 (E.D. Mich. 2020) (defendant has congestive heart failure, diabetes, and sleep apnea); *United States v. Ullings*, No. 1:10-cr-00406-MLB-1, 2020 WL 2394096, at *4 (N.D. Ga. May 12, 2020) (66-year-old defendant suffers from hypertension and obesity); *United States v. Foreman*, No. 3:19-cr-00062-VAB-1, 2020 WL 2315908, at *3–4 (D. Conn. May 11, 2020) (58-year-old defendant suffers from hypertension and obesity); *United States v. Jenkins*, No. 99-cr-00439-JLK-1, 2020 WL 2466911 (D. Co. May 8, 2020) (60-year-old defendant who is obese with a history of mini-strokes and migraines); *United States v. Quintero*, 458 F. Supp. 3d 130, 131 (W.D.N.Y. 2020) (defendant suffers from diabetes, a compromised immune system, obesity, and hypertension); *United States v. Howard*, No. 4:15-cr-00018-BR-2, 2020 WL 2200855, at *3 (E.D.N.C. May 6, 2020) (52-year-old defendant suffers from chronic obstructive pulmonary disease ("COPD"), Type II diabetes, obesity, Stage 3 kidney disease, edema, open wounds on his legs, and a diaphragmatic hernia); *United States v. Lacy*, No. 3:15-cr-30038-SEM-TSH-1, 2020 WL 2093363 at *6 (C.D. Ill. May 1, 2020) (defendant suffers from hypertension, diabetes, and obesity); *United States v. Ardila*, No. 3:03-cr-00264-SRU-1, 2020 WL 2097736, at *2 (D. Conn. May 1, 2020) (71-year-old defendant suffers from diabetes, cardiovascular disease, hypertension, asthma, and obesity); *United States v. Delgado*, 457 F.Supp.3d 85, 89–90 (D. Conn. 2020) (defendant is obese and suffers from sleep apnea that requires treatment); *United States v. Dillard*, 456 F. Supp. 3d 1210, 1211 (D. Idaho Apr. 27, 2020) (defendant suffers from obesity, diabetes, hypertension, COPD, and schizophrenia); *United States v. Joling*, No. 6:15-cr-00113-AA-1, 2020 WL 1903280, at *4 (D. Or. Apr. 17, 2020) (defendant suffers from hypertension, atherosclerosis, a history of transient ischemic attacks, dyslipidemia, obesity, and high-risk group 2 prostate cancer); *United States v. Trent*, No. 3:16-cr-00178-CRB-1, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020) (defendant suffers from HIV/AIDS, diabetes, and obesity); *United States v. Gross*, 452 F. Supp. 3d 26, 27 (S.D.N.Y. 2020) (50-year-old defendant who suffers from high blood pressure, sleep apnea, and obesity); *United States v. Zukerman*, 451 F. Supp. 3d 329, 330, 335 (S.D.N.Y. 2020) (75-year-old defendant suffers from diabetes, hypertension, and obesity).

also look at whether Owens has a particularized risk of contracting COVID-19 in prison. Recognizing this, Owens argues that while there was no COVID-19 outbreak at FCI Beckley at the time the motion was filed, a lack of testing could result in an outbreak. Additionally, he cites to outbreaks at other facilities. This hypothetical possibility, however, is insufficient to show a particularized risk of contracting COVID-19 at FCI Beckley.

Currently, FCI Beckley has one inmate and one staff member who have tested positive for COVID-19. Additionally, it appears that the extensive COVID-19 measures taken by the Bureau of Prisons are working at FCI Beckley. For measures, *see* https://www.bop.gov/recources/news/2020313_covid-19.jsp (last visited Oct. 26, 2021). Furthermore, FCI Beckley has vaccinated about 75% of its inmates.[3] While the court appreciates Owens' concern about contracting COVID-19 in prison, he has not shown he has a particularized risk of contracting the virus at Beckley.[4] Therefore, Owens has not shown an extraordinary and compelling reason for compassionate release, and, because Owens has not met this threshold, the court need not consider the sentencing factors.

### III. CONCLUSION

For the reasons stated above, it is hereby ORDERED that Owens' motion for compassionate release (Dkt. No. 121) is DENIED. The clerk is directed to provide a copy of this

---

[3] Currently, 1098 of 1454 inmates at FCI Beckley have been vaccinated. *See* https://www.bop.gov/coronavirus/ (last visited Oct. 26, 2021).

[4] The court notes and commends Owens for his significant rehabilitative efforts. Those efforts, however, without a sufficient showing regarding COVID-19 risks, are not sufficient to grant compassionate release.

order to the defendant, all counsel of record, and the United States Probation Office.

      Entered: October 26, 2021.

*/s/ Elizabeth K. Dillon*
      Elizabeth K. Dillon
      United States District Judge