CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
5/1/2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:16-cr-00068 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| MICHAEL WAYNE OWENS ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Michael W. Owens' *pro se* motion for early termination of supervised release. (Dkt. No. 133.) The government has not filed an objection to the motion. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Owens' motion. The court will grant Owens' motion.[1]

I. BACKGROUND

In 2018, Owens pled guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine. The court sentenced Owens to 66 months in prison. (Dkt. No. 114.) The court also sentenced Owens to four years of supervised release. (*Id.*) In 2020, the court denied Owens' motion for a sentence reduction under the First Step Act of 2018.

Owens was released from prison on January 18, 2022, and began his federal supervision. Owens states that he has complied with all the requirements of his supervision and has been continually employed. He also notes that he was a model prisoner while incarcerated. (Dkt. No. 133.)

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While Owens' offense was serious, he has now served half of his supervised release term which expires January 17, 2026. He has maintained the same job since 2022 and has a stable residence with his cousin. He has tested negative for all drug screens. He requests to have his supervised release terminated early so that he can pursue a career doing commercial electrical work that will require travel and 24-hour service calls.

The court finds that there is no longer a need to protect the public or to deter Owens from committing further crimes through the ongoing imposition of release conditions. For these reasons, the court will grant Owens' motion for early termination of his supervised release.

III. CONCLUSION

For the foregoing reasons, Owens' motion for early termination of supervised release (Dkt. No. 133) will be granted. The court will issue an appropriate order.

Entered: May 1, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge